UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| KELVIN DEAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| VS. | )   Civil Action No: 5:11-CV-520-XR |
| | ) |
| ACCENTURE FEDERAL SERVICES, LLC, | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

On this date, the Court considered Plaintiff's Motion to Remand (docket no. 7) in the above-numbered and styled case, and Defendant's Response thereto. Defendant removed this case from state court on the basis of diversity jurisdiction. Plaintiff contends that the amount in controversy is insufficient to support diversity jurisdiction. After careful consideration, the Court will deny Plaintiff's motion to remand.

**Background**

Plaintiff Kelvin Dean filed suit for disability discrimination and retaliation against Defendant Accenture Federal Services, LLC[1] in state court under Chapter 21 the Texas Labor Code. Defendant removed the case to federal court pursuant to 28 U.S.C. §§ 1332 and 1441, claiming that diversity jurisdiction exists. Diversity jurisdiction exists if there is diversity of citizenship between the Plaintiff and Defendant and the amount in controversy exceeds $75,000. *See* 28 U.S.C. 1332(a). Plaintiff does not dispute that he and Defendant are citizens of different states; he disputes only the

---

[1] Defendant asserts that Plaintiff's employer is actually Accenture LLP.

1

amount in controversy requirement. The Court finds that the parties are diverse. Therefore, the issue before the Court is whether the amount in controversy requirement was satisfied at the time of removal.

**Analysis**

When the amount in controversy is at issue, and a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. See *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). To satisfy this burden, the Defendant must either (1) demonstrate that it is facially apparent from the petition that the claim likely exceeds $75,000 or (2) set forth facts in controversy that support a finding of the requisite amount. *Tovar v. Target Corp.*, 2004 WL 2283536 (W.D. Tex. 2004). If the Defendant meets this burden, the Plaintiff must be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995).

Defendant's Notice of Removal asserts that it is facially apparent that the amount in controversy exceeds the jurisdictional amount. Plaintiff's petition alleges that he was hired by defendant as a Level D Spot Buyer on October 12, 2006 to process one-time requests for purchases internally for Accenture employees and externally for Best Buy. Plaintiff was then transferred to Vernon Griffin's section in March or April 2009, where he was responsible for managing existing purchasing contracts, tracking and forecasting savings, and making recommendations to the internal client on purchasing matters. Plaintiff alleges that Griffin had "obvious disdain towards Plaintiff

because of Plaintiff's [military] service" and that Griffin would belittle Plaintiff and harass him because of his loss of hearing and a perceived "short term memory loss" that Plaintiff does not acknowledge having. Plaintiff alleges that Griffin made comments on his 2010 mid-year performance evaluation about his hearing loss and short-term memory loss, and that these comments are indicative of Griffin's animus towards Plaintiff. Plaintiff alleges that the "hostile work environment increased to such a degree that Plaintiff was hospitalized between August 18 and August 20, 2010 for chest pains related to the stress at work."

Plaintiff alleges that he complained to Griffin's boss in September 2010, and that Griffin retaliated when he presented Plaintiff with a performance improvement plan on September 14, 2010. On September 22, 2010, Plaintiff requested FMLA leave "because of the stress, anxiety, emotional distress, and the hostile work environment that Griffin created for Plaintiff." Plaintiff's leave was prescribed by his doctors and approved by Defendant. It is unclear whether Plaintiff has returned to work since that time.

Plaintiff's petition asserts that he is not seeking any remedy under any federal statute. He asserts that Defendant's actions violate Chapter 21 of the Texas Labor Code "in that Defendant was motivated to terminate Plaintiff as a result of disability discrimination." Plaintiff alleges that he seeks redress for damages he has incurred for "having been discriminated against and wrongfully terminated." Plaintiff alleges discrimination based on actual and perceived disability and retaliation. Plaintiff seeks compensatory damages to include mental pain and anguish, inconvenience, emotional pain and suffering, and loss of enjoyment of life. Plaintiff also seeks attorney's fees.

Defendant contends that Chapter 21 permits recovery of up to $300,000 in compensatory and

punitive damages, in addition to attorney's fees, and that Texas courts routinely uphold damages awards under Chapter 21 that far exceed the $75,000 minimum.[2] Defendant asserts that, in almost every reported case in which the plaintiff has prevailed, they recovered in excess of $75,000, exclusive of interest and costs. Thus, Defendant contends, Chapter 21 claims, "by their very nature, likely exceed $75,000." Notice of removal at 4 (citing *Decker v. Fujicolor Processing, Inc.*, Civ. A. No. 3:98-CV-312, 1998 WL 160038, at *1 (N.D. Tex. April 1, 1998). Defendant asserts that, by the same reasoning, Plaintiff's claims here also likely exceed $75,000.

The cases cited by Defendant generally include claims for lost wages and/or punitive damages. Defendant acknowledges that Plaintiff does not appear to be making a claim for lost wages, but rather expressly seeks only mental anguish and other non-pecuniary losses, as well as attorney's fees.[3] Defendant cites *Muniz v. El Paso Marriott*, Civ. A. No. EP-09-CV-274, 2009 WL 4878619 (W.D. Tex. Dec. 8, 2009), in which Judge Cardone noted that although the plaintiff was not seeking back pay or front pay, her claims for compensatory and punitive damages under the Texas anti-discrimination statutes made it clear that there was more than $75,000 at stake. Judge Cardone reasoned that any amount of damages up to the $300,000 cap may be based entirely on

---

[2] Chapter 21 caps the total recoverable compensatory and punitive damages on a "sliding scale," depending on the size of the employer. TEX. LABOR CODE § 21.2585(d). This cap ranges from $50,000 for employers with fewer than 100 employees to $300,000 for employers with more than 500 employees. Defendant argues as though the applicable cap is $300,000, but does not expressly state or provide evidence that it has a sufficient number of employees for the $300,000 cap to apply. Plaintiff has not refuted Defendant's assertion that Plaintiff could recover up to $300,000. Accordingly, the Court will presume based on Defendant's assertion that the applicable cap is $300,000. If the cap is lower, Defendant shall notify the Court.

[3] Defendant contends that punitive damages must be included in the amount in controversy as well. Plaintiff asserts that the Court should exercise discretion in deciding whether to include them. However, the Court does not read Plaintiff's petition to assert a claim for punitive damages, and thus the Court will not include punitive damages in the amount in controversy.

"emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses," as well as punitive considerations. She further noted that "[t]he lack of certain categories in the pleadings, such as front pay and back pay, does not make the maximum amount any less available under the law, and the claim for multiple forms of relief, including punitive damages, suggests that the [plaintiff] is indeed seeking any possible grounds to maximize her recovery up to the cap, which is well above the jurisdictional threshold." *Id.* at \*5. Judge Cardone further stated, "If [plaintiff] was certain at the time she filed the suit that her recovery would in fact not exceed $75,000, she should have 'shown [her] commitment to recovery below the federal threshold' by including the lower figure in a binding stipulation filed with the suit, since she was putting forward the sort of complaint that often will exceed, and will be assumed to exceed, the threshold. Because she did not so limit her own claim, in the face of a statute that permits recoveries above the threshold and pleadings which reach for all available grounds of recovery, including punitive damages, it is facially apparent that the amount in controversy is above the $75,000 limit." *Id.* (citation omitted).

In his motion to remand, Plaintiff contends that it is not facially apparent that the amount in controversy exceeds $75,000 and that Defendant has not shown by a preponderance of the evidence that the amount in controversy requirement is met. Plaintiff also submits a proposed Second Amended Petition, in which he stipulates that he is not seeking more than $74,500, including attorney's fees. Plaintiff asserts that this renders "Defendant's argument moot" and that the Court should remand to state court, where Plaintiff intended to prosecute his cause of action. Plaintiff also argues, based on a class action case involving allocation of attorney's fees to plaintiffs in the class action context, that "the statute does not identify the plaintiff as being entitled to attorney's fees, just

5

the prevailing party, and therefore [attorney's fees] should not be added to the amount in controversy."

As Plaintiff's counsel well knows, the amount in controversy is determined at the time of removal, and thus a later-filed stipulation or amended pleading reducing damages below $75,000 does not defeat removal. The Court must thus consider only the petition on file at the time of removal. In that petition, Plaintiff seeks compensatory damages to include mental pain and anguish, inconvenience, emotional pain and suffering, and loss of enjoyment of life. Plaintiff also seeks attorney's fees. It is well settled that attorney's fees, which are available in a Chapter 21 suit, are included in the amount in controversy, and the Court rejects Plaintiff's argument that they should be excluded.

With regard to the mental anguish damages, Plaintiff alleges that he suffered severe stress that required him to be hospitalized for two days in August 2010 for chest pain, and further required him to take FMLA leave prescribed by his doctor due to "stress, anxiety, emotional distress, and the hostile work environment." Plaintiff also alleges that he has had to seek counseling and medical treatment. Plaintiff alleges that he has suffered "serious damage and injury" and alleges that he will continue to suffer "pain and anguish for a long time into the future, if not for the balance of his natural life." Plaintiff further asserted that the case would be governed by a Level 2 discovery control plan, which means that damages are expected to exceed $50,000, excluding attorney's fees and costs. TEX. R. CIV. P. 190.

Thus, given the allegations of severe mental anguish, both past and future, and invocation of a Level 2 discovery control plan, the Court finds that it is facially apparent that the amount in

controversy, based on compensatory damages and attorneys' fees, exceeds $75,000.

## CONCLUSION

The Court finds that it is facially apparent that the amount in controversy exceeds $75,000, and thus removal based on diversity jurisdiction was appropriate. Plaintiff's motion to remand (docket no. 7) is therefore DENIED.

It is so ORDERED.

SIGNED this 19th day of December, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE